

EXHIBIT
A

## IN THE CIRCUIT COURT
## FOR MONTGOMERY COUNTY, MARYLAND

STEWART ALLEN
7312 Wintergreen Court,
Greenbelt, MD 20770-2471

      Plaintiff,

    v.

MAJERLE MANAGEMENT, INC.
1375 Piccard Dr. Ste 210,
Rockville, MD 20850
Serve On:
  Chris Majerle
  1375 Piccard Dr. Ste 210,
  Rockville, MD 20850

  And

CAMERON MERICLE, P.A.
7875 Belle Point Drive,
Greenbelt, MD 20770
Serve On:
  Justin G. Cameron, Esq.
  7875 Belle Point Drive
  Greenbelt, MD 20770

      Defendants.

Case No.:

**JURY TRIAL DEMANDED**

## CLASSS ACTION COMPLAINT

Plaintiff, Stewart Allen files this complaint through his undersigned counsel to challenge Defendants' unlawful practice of charging and collecting late fees from members of homeowners' associations, even though neither the law nor the HOA documents permit the charging of late fees.

documents") provide for such a charge:

> **The declaration or bylaws of a homeowners association may provide for a late charge** of $15 or one-tenth of the total amount of any delinquent assessment or installment, whichever is greater, provided the charge may not be imposed more than once for the same delinquent payment and may be imposed only if the delinquency has continued for at least 15 calendar days.

Md. Code Ann., Real Prop. §11B-112.1.

9.      Defendants know that the actions of HOAs are restricted by their governing documents.

10.      MMI provides "financial management" to its HOA clients in which it manages the issuing and collection of bills, late fees and costs on behalf of its clients:

> Collections managed in conjunction with your attorney with MMI monitoring actions and a concise, case-by-case report included with your financials. Late fees are applied and late notices are issued by MMI.
> The board and your attorney will have access to online payment histories.

https://accessmmi.com/community-management/community-management-programs (last accessed Feb 16, 2021).

11.      Defendant MMI promises on its website that:

> With MMI The Board Governs
> - In accordance with the Law & Governing Documents
> \*      \*      \*
> All Operations by the Book
> – The Law Book
> – The Governing Documents

https://web.archive.org/web/20190223124502/http://www.accessmmi.com/community-management/our-philosophy (captured[1] Feb. 23, 2019).

---

[1] The content of MMI's website has since changed. The date given is the date on which the internet archive recorded the contents of the cited webpage.

19.     Defendant MMI therefore had no authority to charge late fees to Greenbrook's residents.

20.     On July 15, 2019, Chris Majerle, president and CEO of defendant MMI explained to a Greenbrook resident who complained about the illegal fee that "MMI has a contract provision by which the association is billed. The association back-charges you. I must tell you that we recover these fees at most trials as collection costs".

21.     As a law firm, Cameron Mericle advertises that it is a law firm that "focuses on community association law", knows that it has a duty to know the law and to know what can be legally charged under the governing documents of each community. Cameron Mericle includes MMI's wrongful claim for illegal late fees in the collection letters it sends to HOA members and leads the recipients to believe that they are obligated to pay these fees, and in fact collects the illegal late fees when homeowners rely on statements made by Cameron Mericle in its pre-suit collection letters.

22.     On information and belief formed from a review of collection actions filed by Cameron Mericle against Greenbrook members, Cameron Mericle knows the fees are illegal and tries to conceal its effort to collect illegal fees in its dunning letters by not seeking the illegal fees in the collection actions it files in court.

23.     Because MMI manages Greenbrook's affairs, it is required to be registered with the Prince George's County Office of Community Relations pursuant to Md. Code Ann., Real Prop. § 14-131. Failure to be registered is a misdemeanor punishable by a $1,000 fine. As of the filing of this Complaint, MMI was not registered with the Prince George's County Office of Community Relations.

### PLAINTIFF STEWART ALLEN

24.     Mr. Allen owns 7312 Wintergreen Court, Greenbelt, MD 20770-2471, and is

43.    The collection letter implied that Mr. Allen's account might be reported to a Credit Reporting Agency, by encouraging him to pay "in order to avoid . . . potential damage to your credit."

44.    The collection letter offered a payment plan, but the payment plan included the illegal late fees, and under the plan he would be charged a future "monthly collection agency fee" that is not authorized by Greenbrook's governing documents.

45.    On June 20, 2019, Cameron Mericle sent a debt collection letter to Mr. Allen demanding $1,238.86 "representing past due assessments, **late fees**, costs, and legal fees" and threatening to place a lien on Mr. Allen's property.

46.    On August 29, 2019, Cameron Mericle sent a debt collection letter to Mr. Allen warning that "a lien has been filed against your property . . . because of non-payment of past due assessments, **late fees**, costs and legal fees" (emphasis added) and demanded "payment in full" or "a reasonable written repayment plan". The letter threatened foreclosure proceedings on the lien.

47.    On October 17, 2019, Cameron Mericle filed suit against Mr. Allen in the name of Greenbrook. Despite the fact that Cameon Mericle claimed in its collection letters that Mr. Allen owed "late fees", the lawsuit that Cameron Mericle filed did not make any claim for "late fees"; it sought only the unpaid assessments and attorneys fees.

48.    The fact that Cameron Mericle did not seek to recover the unlawful late fees demonstrates that Defendants knew that such fees are not legally due despite the demand for late fees in the pre suit collection letters.

49.    On information and belief, Cameron Mericle never sues members of Greenbrook for the unlawful late fees, because it knows that neither the law nor the governing documents authorize late fees.

c. employees of the Court where this action is pending.

d. Persons who filed bankruptcy after the date of the last attempt to collect the unlawful fee and were granted a discharge.

54.    The Members of the Class and Subclasses are ascertainable. They are readily identifiable from the information and records in the possession or control of Defendants or their affiliated entities and agents.

55.    The Members of the Class and each Subclass are sufficiently numerous that individual joinder of all members is impractical. On information and belief, Defendants have assessed or demanded late fees against at least 50 people within Greenbrook alone. This is based on the fact that Greenbook has filed district court actions against more than 50 people in the past three years.

56.    There are questions of law and fact common to the Class and Subclass Members which predominate over any questions affecting only individual members. The basis for the declaratory and injunctive relief for Class are based on the same wrongs.

57.    The claims for the Paid Subclass are based on the same wrongs alleged against the respective Defendant and the remedies sought by Plaintiff and the Paid Subclass Members against Defendant are identical, the only difference being the exact monetary sum which each Paid Subclass Member is entitled to receive from Defendant that can be determined from defendants' records.

58.    The claims for the FDCPA Subclass are based on the same wrongs alleged against the respective Defendant for that claim and the remedies sought by Plaintiff and the Paid Subclass Members against Defendant are identical.

59.    The common issues of law and fact include for the Class and Subclasses but are not limited to:

70.     Certification of a Class under Rule 2-231 (a) and (b)(2) is appropriate for declaratory relief or injunctive relief to determine the legality of the Defendants' actions.

71.     Certification of the Paid and FDCPA Subclasses under Rule 2-231 (a) and (b)(3) is appropriate as to the Subclass Members in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.  A class action will cause an orderly and expeditious administration of the Subclass Members' claims, and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured. The amount of the illegal fees makes individual actions unlikely to be pursued and denying class certification will result in an injustice.

72.     The only individual questions concern the identification of Class and Subclass Members and the damages they sustained. This information can be determined by a ministerial examination of Defendants' business records or the records of the Class Members Homeowners' Associations.

73.     The Class has been subjected to illegal demands that are not permitted under the governing documents and the demands are likely to continue without appropriate injunctive relief.

74.     Subclass Members have suffered economic damages and other damages, losses, and harm similar those sustained by the Plaintiff and described above.

75.     The amount in controversy for each of the counts listed below is in excess of $75,000, and is subject to further discovery as to the size of the class.

**COUNT I**
**Declaratory Judgment and Injunctive Relief**
**On Behalf of the Plaintiff and the Class Against All Defendants**

76.     Named Plaintiff incorporates the foregoing allegations.

82.     Plaintiff's alleged delinquent assessments are consumer debts.

*Goshen Run Homeowners Ass'n, Inc. v. Cisneros*, 467 Md. 74, 95, 223 A.3d 917, 929

(2020).

83.     Defendants are collectors because they demanded, collected or attempted

to collect alleged consumer debts, in the form of delinquent HOA assessments.

84.     Defendants violated Md. Code Ann., Com. L. § 14-202(8) by claiming,

attempting or threatening to enforce a right with knowledge that the right did not exist,

by charging late fees that were not authorized by the HOA's governing documents.

85.     Pursuant to § 14-202 (11), a collector may not engage in any conduct that

violates §§ 804 through 812 of the federal Fair Debt Collection Practices Act.

86.     The Defendants claims and attempts to enforce rights they did not have, and

attempt to collect late fees not owed, violated § 14-202(11) by violating several provisions

of the FDCPA, including the following provisions:

   a.  15 USC § 1692e by using

        i.  "any false, deceptive, or misleading representation or means in

            connection with the collection of any debt";

       ii.  "the false representation of the character, amount of legal status of

            any debt";

      iii.  "the false representation of ay services rendered or compensation

            which may be lawfully received by any debt collector for the

            collection of a debt";

       iv.  "the threat to take any action that cannot legally be taken or that is

            not intended to be taken";

        v.  "the use of any false representation or deceptive means to collect or

as class representative and his attorneys as counsel on behalf of the Plaintiff

class members described herein;

B. An amount to be determined by the jury for compensatory damages in an

amount in excess of $75,000, against all Defendants;

C. Such other and further relief the nature of the cause may require.

### COUNT III – MCPA
### On behalf of Plaintiff Individual and Paid Subclass against the Defendant MMI Only

92.    Plaintiff repeats the foregoing allegations as though fully set forth here.

93.    The Maryland Consumer Protection Act, Md. Code Ann., Com. L. § 13-101, et seq. (MCPA) prohibits unfair, abusive or deceptive trade practices in the collection of consumer debts.  Md. Code Ann., Com. L. § 13-303(5)

94.    Defendant MMI's actions in violation of the MCDCA also constitute a *per se* violation of the MCPA under Md. Code Ann., Com. L. § 13-301(14)(iii).

95.    Defendant MMI's actions described above violated Md. Code Ann., Com. L. § 13-301 in that it is an unfair and abusive practice to engage in a method of debt collection that includes demands, assessments or collection of late fees not authorized by law.

96.    Named Plaintiff and the Paid Subclass were damaged as described above, and suffered cognizable and legally compensable injury or loss, including but not limited to payment of late fees that were not owed.

**Wherefore,** Plaintiff asks for the following relief on this count:

A. Certify the Paid Subclass under 2-231(a) and (b)(3) with the Named Plaintiffs

as class representative and his attorneys as counsel on behalf of the Plaintiff

class members described herein;

B. An amount to be determined by the jury for compensatory damages in an

unlawful late fees, and to believe that Cameron Mericle intended to sue them for, or conduct a foreclosure based in part upon, the unlawful late fees.  Named Plaintiff and FDCPA Subclass members relied on the misrepresentations in that they actually made payments which were credited to the illegal late fees.

104.    Plaintiff and the FDCPA Subclass were damaged by Cameron Mericle's misrepresentation in that they actually paid the illegal late fees, in reliance on the belief that if they did not pay, they would be sued by Cameron Mericle for an amount including the late fee.

**Wherefore,** Plaintiff asks for the following relief on all counts:

A. Certify the Paid Subclass under 2-231(a) and (b)(3) with the Named Plaintiff as class representative and his attorneys as counsel on behalf of the Plaintiff class members described herein;

B. An amount to be determined by the jury for statutory and compensatory damages in an amount in excess of $75,000, against Defendant Cameron Mericle;

C. Such other and further relief the nature of the cause may require.

D. An award of reasonable attorneys' fees and costs.

### COUNT V– Claim for Attorneys Fees Allowed By Law

105.    Pursuant to Rule 2-703(b) the Plaintiff includes this separately numbered claim for attorney's fees in this initial pleading.   Further, pursuant to Rule 2-703(d), the Plaintiff advises the court and the Defendants that he believes that this case is likely to result in a substantial claim for attorneys' fees for services over a significant period of time.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: February 24, 2021

By: _____
Emanwel J. Turnbull
CPF# 1606210269
THE HOLLAND LAW FIRM, P.C.
914 Bay Ridge Rd, Ste 230
Annapolis, MD 21403
Telephone: (410) 280-6133
Facsimile: (410) 280-8650
eturnbull@hollandlawfirm.com

*Counsel for Plaintiff*

IN THE CIRCUIT COURT FOR <u>Montgomery County</u>
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant:* You must file an Information Report as required by Rule 2-323(h).

*THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

**FORM FILED BY:** ☒PLAINTIFF ☐DEFENDANT    **CASE NUMBER** _____
(Clerk to insert)

**CASE NAME:** STEWART ALLEN        vs.   MAJERLE MANAGEMENT ET AL
Plaintiff                                     Defendant

**PARTY'S NAME:** _____    **PHONE:** _____

**PARTY'S ADDRESS:** _____

**PARTY'S E-MAIL:** _____

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** Emanwel J. Turnbull    **PHONE:** 410-280-6133

**PARTY'S ATTORNEY'S ADDRESS:** 914 Bay Ridge Rd. Ste 230, Annapolis, MD 21403

**PARTY'S ATTORNEY'S E-MAIL:** eturnbull@hollandlawfirm.com

**JURY DEMAND?** ☒Yes ☐No

**RELATED CASE PENDING?** ☐Yes ☒No  If yes, Case #(s), if known:_____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours   3  days

### PLEADING TYPE

**New Case:** ☒Original   ☐Administrative Appeal   ☐Appeal

**Existing Case:** ☐Post-Judgment   ☐Amendment

*If filing in an existing case,* skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt: _____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☒ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)       Page 1 of 3

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

❑ **Expedited** - Trial within 7 months of Defendant's response          ❑ **Standard** - Trial within 18 months of Defendant's response

**IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.**

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ❑ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ❑ | Civil-Short | Trial 210 days from first answer. |
| ❑ | Civil-Standard | Trial 360 days from first answer. |
| ❑ | Custom | Scheduling order entered by individual judge. |
| ❑ | Asbestos | Special scheduling order. |
| ❑ | Lead Paint | Fill in: Birth Date of youngest plaintiff ................... . |
| ❑ | Tax Sale Foreclosures | Special scheduling order. |
| ❑ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ❑ **Expedited** (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ❑ **Standard** (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ❑ **Extended Standard** (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ❑ **Complex** (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| | |
|---|---|
| 2/24/2021 | *Signature of Counsel / Party* |
| **Date** | |
| 914 Bay Ridge Rd, Ste 230 | Emanwel J. Turnbull |
| **Address** | **Printed Name** |
| Annapolis       MD       21403 | |
| **City         State       Zip Code** | |

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND
### WRIT OF SUMMONS
(248)

### Case No: **484912-V**

TO:

    **CAMERON MERICLE PA**
    **7875 BELLE POINT DRIVE**
    **GREENBELT MD 20770**

(Service Address)
**JUSTIN G. CAMERON, ESQ.**
**7875 BELLE POINT DRIVE**
**GREENBELT, MD 20770**

You are hereby summoned to file a <u>written</u> response by pleading or motion in this court to the attached complaint filed by:

    **STEWART ALLEN**

within **30** days after service of this summons upon you.

    Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

### TO THE PERSON SUMMONED:

1. Failure to respond within the time allowed may result in a default judgment or the granting of the relief sought against you.
2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.
3. If you have questions, you should see an attorney immediately.  If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at <u>www.barmont.org</u> or by calling (301) 279-9100.

Date Issued: **03/02/2021**



Barbara H. Meiklejohn
CLERK of the Circuit Court
Montgomery County, Maryland
50 Maryland Avenue
Rockville, MD 20850-2393

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, the date, and the particular place and manner of service.  If service is not made, please state the reason(s).
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

### RETURN

[  ] Served _____ on _____ at _____
             (Whom)                   (Date)         (City/State/Country)

[  ] Summons and [  ] Show Cause Order and [  ] Complaint/Petition/Motion Served

[  ] Unserved _____ _____
            (Date)         (Reason)

_____ [  ] Sheriff
    (Signature)

SUM1KRF 20192219

SUM1KRF 03/02/2021 11:46:10

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

## WRIT OF SUMMONS
(248)

### Case No: **484912-V**

TO:

**CAMERON MERICLE PA**
**7875 BELLE POINT DRIVE**
**GREENBELT MD 20770**

(Service Address)
**JUSTIN G. CAMERON, ESQ.**
**7875 BELLE POINT DRIVE**
**GREENBELT, MD 20770**

You are hereby summoned to file a <u>written</u> response by pleading or motion in this court to the attached complaint filed by:

    **STEWART ALLEN**

within **30** days after service of this summons upon you.

    Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

## TO THE PERSON SUMMONED:

1. Failure to respond within the time allowed may result in a default judgment or the granting of the relief sought against you.
2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.
3. If you have questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at <u>www.barmont.org</u> or by calling (301) 279-9100.

Date Issued: 03/02/2021



Barbara H. Meiklejohn
CLERK of the Circuit Court
Montgomery County, Maryland
50 Maryland Avenue
Rockville, MD 20850-2393

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, the date, and the particular place and manner of service. If service is not made, please state the reason(s).
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

## RETURN

[ ] Served _____ on _____ at _____
             (Whom)                             (Date)              (City/State/Country)

[ ] Summons and [ ] Show Cause Order and [ ] Complaint/Petition/Motion Served

[ ] Unserved _____ _____
              (Date)              (Reason)

_____ [ ] Sheriff
    (Signature)

SUMIKRF 2015/C19

SUMIKRF 03/02/2021 11:46:10



**Barbara H. Meiklejohn**
**Clerk of the Circuit Court for Montgomery County, Maryland**
50 Maryland Avenue
Rockville, Maryland 20850-2397
March  2, 2021

RE:  Notice of New Case Number for
     STEWART ALLEN vs MAJERLE MANAGEMENT INC, ET AL
     Reference Case#: N/A
     Case Type: DECLARATORY JUDGMENT
                    (836)

Dear Sir/Madam:

        Please be advised that the above referenced case was received on

March  1, 2021, in the office of the Clerk for Montgomery County.

This matter has been assigned case number <u>484912-V</u>      .   Please

include this case number on all future papers to be filed in this case.

                    Sincerely,

                    _____
                    Clerk of the Circuit Court
                    for Montgomery County,
                    Maryland

CAMERON MERICLE PA
7875 BELLE POINT DRIVE
GREENBELT MD 20770

NEWCASE 03/02/2021 11:45:25

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

STEWART ALLEN              :
    Plaintiff            :
                        :
        v.               :  Case No. **484912-V**
                        :  Judge:
MAJERLE MANAGEMENT INC, ET AL  :
    Defendant          :

## SCHEDULING NOTICE AND ORDER OF COURT - TRACK 3
### (1953)
### COMPLAINT FILED ON 03/01/2021

It is by the Circuit Court for Montgomery County, Maryland, **ORDERED** as follows:

1) <u>Proof of Service</u>. Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service of the following on each of the Defendants: copies of the Summons, the Complaint, this Scheduling Notice and Order of Court, Order for Mandatory Settlement Conference/Pretrial Hearing, and the Scheduling Order.

    a) As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice pursuant to Rule 2-507.

    b) As to any Defendant not timely served, the Court may sever the case against that party.

    c) **A motion for alternative service as to any unserved Defendant may not be filed after the 121st day after filing of the complaint: DEADLINE: 06/28/2021**

    d) **Defendants who are not served by the 121st day after filing of the complaint are subject to dismissal under Rule 2-507.**

    e) As to any Defendant served with the Summons and Complaint, the Defendant must file the Defendant's Civil Information Form with the initial pleading and mail a copy to Plaintiff.

    f) <u>**FAILURE TO SERVE A PARTY WILL NOT RESULT IN A MODIFICATION OF THE DEADLINES OR REISSUANCE OF THE SCHEDULING ORDER**</u>

2) <u>Answer or Other Responsive Pleading</u>. Within the time permitted under Maryland Rules, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading. These pleadings must be filed in accordance with Rule 2-321. If no timely response has been filed, the Court, upon request, may enter an Order of Default pursuant to Rule 2-613.

3) <u>Initial Discovery</u>. No later than ninety (90) days from the filing of the complaint, the parties shall complete sufficient initial discovery to enable them to make decisions regarding (a) settlement, (b) consideration of available and appropriate forms of alternative dispute resolution (c) limitation of issues, (d) stipulations, (e) any issues relating to preserving discoverable information, (f) any issues relating to discovery of electronically stored information, including the form in which it is to be produced, (g) any issues relating to claims of privilege or of protection, and (h) other matters that may be considered at the hearing, including:

    a) **Initial Disclosure of the Plaintiff's Experts to occur no later than deadline provided on the Scheduling Order:** The deadline for the disclosure of Plaintiff's experts is approximately ninety (90) days from the date of filing. Given the early stage of discovery, while disclosure of the area of expertise is expected, some flexibility will be applied as to the specific opinion of the expert. The obligation to supplement the information provided by this deadline continues

CAMERON MERICLE PA
7875 BELLE POINT DRIVE
GREENBELT MD 20770

CIVN073 03/02/2021 11:45:50

and must be provided without delay as soon as it is known to the Plaintiff, but no later than one hundred twenty (120) days from the filing of the complaint, without leave of the Court. This includes any substance of the findings and opinions, grounds for each opinion on which the expert is expected to testify, as well as copies of all reports received from each expert witness. Under no circumstances may this information be withheld.

4) Discovery of Electronic Information. Further, with regard to the discovery of electronic information, the Parties shall confer in person or by telephone and attempt to reach agreement, or narrow the areas of disagreement, as to the preservation of electronic information, if any, and the necessity and manner of conducting discovery regarding electronic information, and the parties should address the following:

   a) Identification and retention of discoverable electronic information and what, if any, initial discovery and any party requests in order to identify discoverable electronic information;
   b) Exchange of discoverable information in electronic format where appropriate, including:
      i) The format of production, *i.e.*, PDF, TIFF or JPEG file or native formats such as Microsoft Word, Word Perfect, *etc.*, and the storage media on which the information shall be exchanged; and
      ii) Whether separate indices will be exchanged and whether the documents and information exchanged will be electronically numbered.
   c) Whether the parties agree as to the apportionment of costs for production of electronic information that is not maintained on a party's active computers, computer servers or databases;
   d) The manner of handling inadvertent production of privileged materials; and
   e) Whether the parties agree to refer electronic discovery disputes to a Special Magistrate for resolution.

   The parties shall reduce all areas of agreement, including any agreements regarding inadvertent disclosure of privileged materials, to a stipulated order to be presented to the court.

5) Attorneys' Fees. If a party intends to assert a "substantial claim" for attorneys' fees, counsel shall provide a written statement to the Court, setting forth whether the claim is pursuant to law, statute or contract, identifying the legal theory, statute or contract provision, and whether the claim is triable by jury. The Court will determine whether to require enhanced documentation, quarterly statements, or other procedures permitted by Maryland Rules. If triable by jury, the Court will determine the necessity of a separate discovery schedule, to include, if appropriate, the designation of experts relating to this issue. (See Rules 2-703, 2-704 and 2-705.)

7) Mediation. PLEASE BE ADVISED THAT THE COURT WILL ORDER MEDIATION IN THE ABOVE-CAPTIONED CASE. PLEASE DISCUSS ADR/MEDIATION WITH THE OPPOSING PARTY (OR COUNSEL, IF APPLICABLE). Parties choosing a mediator must pay the rate agreed upon by the parties and the mediator. Where the court designates a mediator, pursuant to Rule 17-208, the parties will pay the hourly rate established by the court. Counsel/parties may object to participating in mediation in accordance with Maryland Rule 17-202(f) within thirty (30) days after entry of the order, may file (A) an objection to the referral, (B) an alternative proposal, or (C) a "Request to Substitute ADR Practitioner" substantially in the form set forth in Rule 17-202(g).

Date: 03/02/2021

Robert A. Greenberg

Robert A. Greenberg
Circuit Administrative Judge

Questions?  Please see www.montgomerycountymd.gov/circuitcourtDCM or call the DCM coordinator at 240-777-9358.

Page Two of Two

# Circuit Court for Montgomery County, Maryland
### 50 Maryland Avenue
### Rockville, Maryland 20850

## ADMINISTRATIVE NOTICE

You have received the attached notice and/or Order of the Court from the Circuit Court for Montgomery County.

Due to the COVID-19 pandemic, many court proceedings are being held remotely. This means it is possible that your court appearance may be by telephone or videoconference.

If you are represented by an attorney, please contact him or her to determine whether you need to personally appear in court.

If you are not represented by an attorney, please contact the Montgomery County Circuit Court Assignment Office at 240-777-9000 to determine whether your personal appearance is required at the courthouse on the day(s) in question. Please be sure the Court is provided with an email address and/or telephone number where you can be reached.

Robert A. Greenberg,
County Administrative Judge

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**STEWART ALLEN**  :
  Plaintiff :
 :
v.  :  Case No. **484912-V**
 :  COMPLAINT FILED ON: <u>03/01/2021</u>
**MAJERLE MANAGEMENT INC, ET AL**  :
  Defendant :

### <u>Scheduling Order - Track 3</u>
(738)

THIS ORDER IS YOUR OFFICIAL NOTICE OF CASE DEADLINES AND HEARINGS REQUIRING APPEARANCES. FAILURE TO APPEAR AT HEARINGS OR COMPLY WITH ALL REQUIREMENTS MAY RESULT IN DISMISSAL, DEFAULT JUDGMENT, EXCLUSION OF WITNESSES AND/OR EXHIBITS, ASSESSMENTS OF COSTS AND EXPENSES, INCLUDING ATTORNEY FEES, OR OTHER SANCTIONS.

| EVENT: [ATTENDANCE REQUIRED AT EVENTS] | DEADLINE: |
|---|---|
| *DEADLINE: PLT EXPERTS IDENTIFIED* | *06/01/2021* |
| *DEADLINE: MOTION FOR ALTERNATIVE SERVICE FILED* | *06/28/2021* |
| *DEADLINE: DEF EXPERTS IDENTIFIED* | *07/27/2021* |
| *DEADLINE: ALL WRITTEN DISCOVERY SERVED BY* | *09/27/2021* |
| *DEADLINE: DISCOVERY COMPLETED* | *11/09/2021* |
| *DEADLINE: ADD'L PARTIES JOINDER* | *11/19/2021* |

**MEETING OF ALL COUNSEL, 11/24/2021 Time and place to be determined PLUS DEADLINES:**

| | |
|---|---|
| *DEADLINE: DISPOSITIVE MOTIONS FILED* | *11/24/2021* |
| *DEADLINE: RULE 2-504.3(B) NOTICE* | *11/24/2021* |
| *DEADLINE: ADR DEADLINE* | *12/06/2021* |
| *DEADLINE: JOINT PRETRIAL STATEMENT FILED* | *11/29/2021* |

**SETTLEMENT CONFERENCE/PRETRIAL HEARING, 12/16/2021 02:30 PM ATTENDANCE REQUIRED**

*DEADLINE: PLEADING AMENDMENT TO BE DETERMINED AT PRETRIAL.*

**TRIAL COUNSEL SHALL APPEAR** AT THE SETTLEMENT CONFERENCE/PRETRIAL HEARING, ACCOMPANIED BY THE PARTIES AND THE INDIVIDUAL(S) WITH AUTHORITY TO SETTLE THE CASE. **MOTIONS** FILED IN TRACK 3 ACTIONS SHALL NOT EXCEED 15 PAGES INCLUDING ANY MEMORANDUM OF LAW AND OPPOSITION/REPLY MOTIONS SHALL NOT EXCEED 10 PAGES WITHOUT LEAVE OF THE COURT. IDENTIFICATION OF ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS GOVERNED BY RULES 2-211, 2-331, 2-332 AND 2-341.

AFTER THE SETTLEMENT CONFERENCE, IF NEEDED, THE **TRIAL DATE** SHALL BE SET AT THE PRETRIAL HEARING BETWEEN THE DATES NOTED BELOW. COUNSEL ARE ENCOURAGED TO CLEAR DATES WITH ONE ANOTHER AND THE ASSIGNMENT OFFICE PRIOR TO THE CASE BEING CALLED. [TRIAL DATE BETWEEN: 01/11/2022 AND 04/21/2022.]

ANY MODIFICATIONS OF THIS SCHEDULING ORDER MUST BE REQUESTED BY WRITTEN MOTION FILED IN ADVANCE OF THE DEADLINES OR HEARING DATES SOUGHT TO BE MODIFIED, PROVIDING GOOD CAUSE TO JUSTIFY ANY MODIFICATION THEREOF.

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

*Robert A. Greenberg*

**Robert A. Greenberg**
**Circuit Administrative Judge**

CAMERON MERICLE PA
7875 BELLE POINT DRIVE
GREENBELT MD 20770

IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL FOR THE DEFENDANT SHALL NOTIFY THE DCM COORDINATOR AT (240) 777-9358. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and www.montgomerycountymd.gov/circuitcourtDCM.

CIVSCHD3 03/02/2021 11:46:02

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**STEWART ALLEN**
    **Plaintiff**

                  :  **Case No. 484912-V**
    v.                   :  Settlement Conference/
                  :  Pretrial: **12/16/2021** time **2:30 PM**

**MAJERLE MANAGEMENT INC, ET AL**
    **Defendant**

## ORDER FOR MANDATORY SETTLEMENT CONFERENCE/PRETRIAL HEARING - TRACK 3
### (179)
### COMPLAINT FILED ON 03/01/2021

In accordance with Maryland Rules of Procedure, Rule 2-504, and in order to administer the trial of cases in a manner consistent with the ends of justice, in the shortest possible time and at the least possible cost to the Court and to litigants, it is this **2nd day of March, 2021,** by the Circuit Court for Montgomery County, Maryland,

**ORDERED,** that parties, representatives with authority to settle a case, and trial counsel shall appear in court for a Settlement Conference and a subsequent Pretrial Hearing on the date set forth above. No further notice will be given of this date.  Unrepresented parties and/or trial counsel shall meet at least two weeks prior to the hearing date to prepare a written joint pre-trial statement and endeavor to settle the case.  If the parties cannot agree to the meeting place or date, it shall be two weeks before the hearing date at 9:00 a.m. in the lobby of the Court House. The joint pre-trial statement shall be signed by all parties and their attorneys and shall be filed with the court at least seventeen days before the Settlement/Pretrial Hearing and shall contain the following:

1. Nature of the Case: A brief, non-argumentative statement suitable for reading to a jury.

2. Claims and/or Defenses: Each party to set forth a concise statement of all claims and defenses which that party is submitting for trial.

3. Undisputed Issues and Facts: List all issues not in dispute and set forth stipulated facts.

4. Disputed Issues: List each disputed issue and the principal contentions of all parties respecting each.

5. Relief Sought: Specify nature and amount of each item of damage claimed or description of equitable relief sought by each party.

6. Citations: List any cases or statutes which need to be called to the Court's attention.

7. Pending Motions: List title, movant, and filing date of pending motions.

8. Witnesses: Name, address and telephone number of each person who may be called to testify. As to experts, list matters about which each expert will testify. No party may call at trial any witness omitted from that party's pre-trial statement, except for impeachment or rebuttal purposes.

9. Exhibits: Attach a listing of the exhibits to be offered in evidence by each party at the trial, other than those expected to be used solely for impeachment, indicating which exhibits the parties agree may be offered in evidence without the usual authentication. Complete list of exhibits identifying by exhibit number each document that may be offered at trial. (Stickers to be attached to each exhibit are available in Clerk's office.) Any objections to another party's exhibits should be stated.

CAMERON MERICLE PA
7875 BELLE POINT DRIVE
GREENBELT MD 20770

10. Deposition Testimony: Designation by page and line of deposition testimony to be offered as substantive evidence, not impeachment.

11. Pleadings and Discovery Responses: Designation by page and paragraph of any pleading or discovery response to be offered as substantive evidence, not impeachment.

12. Demonstrative or Physical Evidence: Describe any items of non-testimonial, non-documentary evidence -- models, samples, objects, etc. -- to be utilized at trial.

13. Videotapes: Identify any videotapes to be shown to the jury and authority for doing so.

14. Requested Jury Selection Questions: Identify those agreed upon and include any objections made by either side.

15. Pattern Jury Instructions: Identify those agreed upon and those not agreed upon. Designate the source of the instruction.

16. Non-Pattern Jury Instructions: Supply complete text of each instruction, with authorities, on a separate page.

17. Verdict Sheet (if requested): Text of verdict sheet, including any special interrogatories, to be submitted to the jury.

18. Settlement: Minimum demand; Maximum offer.

19. Estimated Length of Trial: _#_ days;

and it is further

**ORDERED,** that counsel and unrepresented parties shall file the Joint Pretrial Statement no later than seventeen days **(DEADLINE: 11/29/2021)** before the Mandatory Settlement Conference and Pretrial Hearing; and it is further,

**ORDERED,** that in cases that have not reached a settlement by the Settlement Conference and Pretrial Hearing date, that the parties and their counsel and representatives with the authority to settle participate in good faith in a Settlement Conference. It is further ordered that parties not reaching settlement proceed to a Pretrial Hearing before the Administrative Judge in order to set a trial date and resolve other pretrial issues.

Robert A. Greenberg
Robert A. Greenberg
Circuit Administrative Judge

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK,
COUNSEL FOR THE DEFENDANT SHALL NOTIFY THE DCM COORDINATOR AT (240) 777-9358.
QUESTIONS? PLEASE SEE the Court's GUIDE TO DCM ORDERS and www.montgomerycountymd.gov/circuitcourtDCM

Page Two of Two



## Circuit Court for Montgomery County, Maryland
### Office of the Assignment Commissioner
50 Maryland Avenue, Room 1003
Rockville, Maryland 20850
(240) 777-9000

March 3, 2021

# Notice of Pending Events
( 884)

Case# 484912-V        STEWART ALLEN vs. MAJERLE MANAGEMENT INC, ET AL

Having entered your appearance, please be advised that the following events have been
previously scheduled in this case:

| Event Date | Time | Description | Length |
|---|---|---|---|
| 12/16/2021 | 02:30 PM | PRETRIAL | |
| 12/16/2021 | 02:30 PM | SETTLEMENT CONF. (RET. JUDGE) | |

**Please report to the Assignment Office for your courtroom assignment.**
Handicap parking for the Montgomery County Circuit Court is located along Maryland
Avenue near its intersection with Courthouse Square.

**Please direct all inquiries to the Assignment Office.**

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited
in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking,
recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times,
unless the court expressly grants permission in a specific instance.

EMANWEL J TURNBULL, ESQ
THE HOLLAND LAW FIRM, P.C.
914 BAY RIDGE RD STE 230
ANNAPOLIS MD 21403