IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEWART ALLEN, | * |
| Plaintiff, | * |
| v. | * |
| | * Civil No. **21-950 PJM** |
| MAJERLE MANAGEMENT, INC., *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

This Memorandum Opinion addresses Plaintiff Stewart Allen's motion for reconsideration of the Court's Order granting in part and denying in part Defendants' motion to dismiss. Allen filed this suit against Majerle Management, Inc. ("MMI") and Cameron Mericle, P.A. ("Cameron Mericle"), alleging unfair debt collection practices in violation of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Comm. L. § 14-201 *et seq.*, the Maryland Consumer Protection Act ("MCPA"), Md. Code. Comm. L. § 13-101 *et seq.*, and the federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq. See* Compl. (ECF No. 10);[1] Am. Compl. (ECF No. 32).

On October 28, 2021, by oral opinion rendered after a motions hearing, the Court granted in part and denied in part Defendants' Motions to Dismiss. In the Order reflecting that ruling, the Court indicated that it specifically held that MCDCA does not extend the one-year statute of limitations period set forth in FDCPA. ECF No. 27. Accordingly, the Court granted Defendants' Motions as to claims of violations of MCDCA that arose prior to February 24, 2020. *Id.*

---

[1] Allen's Complaint also prayed for declaratory and injunctive relief. He voluntarily withdrew that claim. *See* ECF No. 11.

1

Following the Fourth Circuit's decision in *Alexander v. Carrington Mortgage Services, LLC,* 23 F. 4th 370 (4th Cir. 2022), Allen filed a Motion for Reconsideration of the Court's October 28, 2021 Order. Mot. for Reconsideration, ECF No. 39. The issue is fully briefed. ECF Nos. 42, 44, 45. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons explained below, Allen's motion for reconsideration is **GRANTED**.

## BACKGROUND

Allen, a resident of Greenbelt, Maryland, filed this putative class action to challenge Defendants' practice of charging and collecting late fees from members of homeowners' associations ("HOAs"). *See Am. Compl.* Defendant MMI is a property management company which administers affairs for and on behalf of HOAs, including the managing including managing the issuing and collection of bills, late fees, and costs. *Id.* ¶¶ 6, 10. One of its clients is the Greenbook Village HOA ("Greenbrook"). *Id.* ¶ 13. Greenbook hired Cameron Mericle as its collection law firm. *Id.* ¶ 14.

On February 1, 2018, MMI began charging a monthly "collection agency fee" of $8.50 to its residents, including Allen. *Id.* ¶ 16. The fee was assessed to homeowners if they were late in their HOA payments. *Id.* ¶ 17. According to Allen, the fee does not reflect actual expenses caused by late payment. *Id.* ¶ 18. Cameron Mericle included the late fee in its collection letters to HOA members. *Id.* ¶ 21.

Allen was charged this late fee fifteen times between June 2018 and September 2019. *Id.* ¶¶ 25–40. MMI sent collection letters to Allen. *Id.* ¶ 42. On June 20, 2019, Cameron Mericle sent a collection letter to Allen, demanding $1,238.86, which represented past due assessments, late fees, costs, and legal fees. *Id.* ¶ 45. Cameron Mericle sent another collection letter on August 29, 2019. *Id.* ¶ 46. On October 17, 2019, Cameron Mericle filed suit against Allen, seeking unpaid

2

assessments and attorney's fees, but not late fees, which, according to Allen, demonstrates that Cameron Mericle knew that such fees were not legally due. *Id.* ¶ 47–48.

In Count II, Allen alleges violations of MCDCA against both defendants. Sections 14-202(8) and (11) of MCDCA provide: "In collecting or attempting to collect an alleged debt a collector may not: . . . (8) Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist; . . . (11) Engage in any conduct that violates §§ 804 through 812 of the federal Fair Debt Collection Practices Act." In their motions to dismiss, Defendants argued that MCDCA claims predicated on violations of FDCPA were subject to the one-year statue of limitations set forth by the FDCPA and not Maryland's three-year statute of limitations. Allen disagreed, submitting that the applicable limitations period for MCDCA claims—even those predicated on violations of FDCPA—is three years. The Court found Defendants more persuasive and granted their motions to dismiss violations of MCDCA that occurred outside of a one-year period, that is, any violations occurring prior to February 24, 2020. ECF No. 27.

Allen now moves for reconsideration, directing the Court to a recent Fourth Circuit decision, *Alexander v. Carrington Mortgage Services, LLC*, 23 F. 4th 370, 2022 WL 164018 (Jan. 19, 2022). ECF No. 39. According to Allen, the decision is contrary to this Court's holding that FDCPA's one-year statute of limitations applies to violations of MCDCA which are predicated on conduct that violates FDCPA. *Id.* Defendants posit that *Alexander* is inapposite because it involved a definitional provision in the MCDCA, rather than a limitations provision. *See* ECF Nos. 42, 44. In addition, they argue that Allen's Motion for Reconsideration is untimely. *Id.*

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) governs motions for reconsideration of orders that do not constitute final judgments in a case, such as the Court's Order granting in part and denying

3

in part Defendants' motion to dismiss. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time." Fed. R. Civ. P. 54(b).

The Fourth Circuit has not set forth a standard of review for a Rule 54(b) motion for reconsideration, but it has explained that the standards of Rule 59(e) and Rule 60(b) motions for reconsideration are not binding for Rule 54(b) motions. *See Fayetteville Investors,* 936 F.2d at 1472. Even so, courts in this district frequently use the standards for Rule 59(e) and Rule 60(b) motions as guidance for ruling on Rule 54(b) motions. *In re Marriott Int'l, Inc.*, No. 19-MD-2879, 2021 WL 1516028, at *2 (D. Md. Apr. 16, 2021) (citing cases).

Although a Rule 59(e) motion for reconsideration is discretionary, the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). While the rule permits a district court to correct its own errors, Rule 59(e) motions may not be used to raise arguments which could have been raised prior to the issuance of the judgment. *See id.*

### DISCUSSION

Allen asks this Court to reconsider its dismissal of MCDCA claims occurring prior to February 24, 2022 given the Fourth Circuit's published decision in *Alexander v. Carrington*

4

*Mortgage Services, LLC*, 23 F. 4th 370 (2022).[2] In *Alexander*, consumers brought putative class action against mortgage servicer, alleging servicer violated MCDCA and MCPA by charging a $5 convenience fee to borrowers who paid monthly mortgage bills online or by phone. Like Allen, the consumers brought claims under § 14-202(11) of the MCDCA, which prohibits "collectors" from "engag[ing] in any conduct that violates §§ 804 through 812 of the federal Fair Debt Collection Practices Act." Md. Code Ann., Com. Law § 14-202(11). The Fourth Circuit's decision, in part, turned on whether the *Alexander* defendant was a "collector" given that the MCDCA and FDCPA set forth different definitions of "collector." 23 F. 4th at 375–76.

The Fourth Circuit, agreeing with Alexander, held that the MCDCA's broader definition applied:

> The MCDCA's broader definition controls here, as it is not displaced by the federal definition. Indeed, the Maryland legislature was intentional on this front: it incorporated only the FDCPA's "substantive provisions" (sections 804 through 812). *Chavis,* 476 Md. at —— n.14, 264 A.3d 1254; *see* Md. Code Ann., Com. Law § 14-202(11). It did not incorporate section 803, which includes the FDCPA's narrower definition of "debt collector." *See* FDCPA § 803, 15 U.S.C. § 1692a(6). **Nor did it incorporate, for example, the FDCPA's remedial structure as to affirmative defenses, the statute of limitations, or civil remedies.** *See* FDCPA § 813, 15 U.S.C. § 1692k. **The end result, as Maryland district courts have recognized, is that "the MCDCA applies more broadly than the FDCPA."** *Aghazu v. Severn Savings Bank,* 2017 WL 1020828, at *8 n.21 (D. Md. Mar. 16, 2017); *see also Awah v. Cap. One Bank,* 2015 WL 302880, at *4 n.8 (D. Md. Jan. 22, 2015) ("The MCDCA contains a broader definition of 'collector' than the definition of 'debt collector' under the FDCPA."). And the FDCPA itself specifies that state laws affording greater protection to consumers are not inconsistent with its own safeguards. *See* 15 U.S.C. § 1692n.

---

[2] The Court is unpersuaded by Defendants' argument that Allen's motion is untimely. Allen filed his motion on February 7, 2022, not even three weeks following the Fourth Circuit's decision in *Alexander*. Given that Allen could not have raised this argument until January 19, 2022, the Court finds that he has a persuasive justification for filing his motion outside the proscribed time windows set forth by the Local Rules and the Federal Rules of Civil Procedure.

*Id.* (emphasis added). In reaching this conclusion, the court recognized that state legislatures can incorporate federal law as they wish and that "incorporation is no all-or-nothing enterprise."

In light of the Fourth Circuit's decision in *Alexander*, the Court finds that there has been a change in applicable law sufficient to support reconsideration. The decision clearly holds that the MCDCA does not carry with it all provisions of the FDCPA, and in fact notes that it does not incorporate the FDCPA's remedial structure as to limitations. Although Defendants attempt to characterize *Alexander* as irrelevant and not binding on this Court, the court's reasoning clearly indicates that the MCDCA does not incorporate all of the provisions of the FDCPA and applies more broadly than the FDCPA.

## CONCLUSION

Accordingly, Allen's Motion for Reconsideration (ECF No. 29) is **GRANTED**. The Court's October 28, 2021 Order (ECF No. 27) is **AMENDED** to allow Allen's MCDCA claims brought under § 14-202(11) that arose within Maryland's three-year limitations period, i.e., those that arose after February 24, 2018.

A separate Order will issue.

March 30, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

6